UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GNCO, INC., et al., | Case No.   1:25-cv-01595-JLT-EPG |
| Plaintiffs, | ORDER REGARDING DEFICIENT NOTICE OF VOLUNTARY DISMISSAL |
| v. | (ECF No. 22) |
| KERRY FILGAS, JR., et al., | |
| Defendants. | |

The three Plaintiffs in this case—GNCO, Inc.; Forklifts Group West, Inc.; and DHC Lift, Inc.—bring four causes of action against all Defendants, *i.e.*, Kerry Filgas, Jr., and Steven Eaton. (ECF No. 1, pp. 11–17). On April 24, 2026, two of the Plaintiffs—GNCO, Inc. and DHC Lift, Inc.—filed a notice of voluntary dismissal, stating as follows: "Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiffs GNCO Inc. and DHC Lift, Inc. hereby dismiss, with prejudice, their claims in the above-captioned action against Defendant Steven Eaton only. Claims against all other Defendants remain pending and are not affected by this Notice." (ECF No. 22, p. 2).

The Court concludes that this notice of voluntary dismissal is deficient. Rule 41(a)(1)(A)(i) permits a plaintiff to voluntarily "dismiss an action without a court order by filing a notice of dismissal *before the opposing party serves either an answer* or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added). Before the notice of dismissal was filed, Defendant Kerry Filgas, Jr. filed an answer (ECF No. 21); thus, the notice of voluntary

1

dismissal cannot dismiss Defendant Steven Eaton under Rule 41(a)(1)(A)(i). *See Oliver v. ABC Legal Servs., L.L.C.*, No. 1:24-CV-00895 JLT BAM, 2025 WL 277470, at *1 (E.D. Cal. Jan. 23, 2025) ("[Rule 41(a)(1)(A)(i)] permits voluntary dismissal only 'before the opposing party serves either an answer or a motion for summary judgment.' Because two of the still-remaining parties have filed answers, automatic dismissal under Rule 41(a)(1)(A)(i) is not immediately effective . . . .") (internal citation omitted).

Further, the Court notes that, while all Plaintiffs presumably seek to dismiss all claims in the complaint against Defendant Steven Eaton, their dismissal filing is only brought by two of them, GNCO Inc. and DHC Lift, Inc. In any future dismissal filing, all Plaintiffs should clearly indicate their approval of Defendant Steven Eaton's dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting a voluntary dismissal by filing "a stipulation of dismissal signed by all parties who have appeared").

Accordingly, IT IS ORDERED as follows:

1. The Court will take no further action on the notice of voluntary dismissal. (ECF No. 22).

2. Plaintiffs shall file an appropriate dismissal document should they wish to dismiss Defendant Steven Eaton from this case. *See* Fed. R. Civ. P. 41(a).

IT IS SO ORDERED.

Dated:   **April 27, 2026**

/s/ _Erica P. Grosjean_
UNITED STATES MAGISTRATE JUDGE

2